CHRISTOPHER CARROZZELLA ET AL. *v.* ZONING
BOARD OF APPEALS OF THE TOWN
OF WALLINGFORD
(AC 32750)

Beach, Alvord and Espinosa, Js.

---

Submitted on briefs May 31—officially released September 4, 2012

*Christopher Carrozzella* filed a brief for the appellants (plaintiffs).

*Janis M. Small,* corporation counsel, filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiffs, Christopher Carrozzella and Mary Jane Carrozzella, appeal from the judgment of the trial court dismissing their appeal from the decision of the defendant, the zoning board of appeals of the town of Wallingford (board), upholding a notice of violation issued by the Wallingford zoning enforcement

officer,[1] ordering the plaintiffs to remove an "unapproved play set" from their property. The plaintiffs claim that the court erred in affirming the board's conclusion that the play set was prohibited under the Wallingford zoning regulations.[2] We agree and reverse the judgment of the trial court.

The record reveals the following relevant facts and procedural history. The plaintiffs reside at a premises (property) within a condominium community named Fieldstone Farm development, an open space planned residential district. By letter dated July 24, 2006, Mark DeVoe, the Wallingford zoning enforcement officer, instructed the plaintiffs to remove an "unapproved play set" located on the property. The letter of violation stated that the play set violated § 4.3 of the Wallingford zoning regulations (regulations) because: "1. Play sets and other recreational facilities and structures are not permitted for individual unit owners in Open Space Planned Residential Development; they are allowed only as community facilities for the use and enjoyment of the entire development and must be shown on the site plan and approved by the Planning and Zoning Commission as part of the developer's approval process" and "2. [t]he play set is located in an area set aside as open space by the developer. The Planning and Zoning Commission regulates any use within *required* open space; again, no such use was approved." (Emphasis in original.)

The plaintiffs appealed to the board from the officer's notice of violation. Following a public hearing, the

---

[1] As noted by the court, Mark DeVoe is referred to in the complaint. He identified himself at a September 18, 2006 public hearing as the zoning enforcement officer, and also was referred to in various items of correspondence as the assistant town planner. For the sake of consistency, we refer to DeVoe as the zoning enforcement officer.

[2] Because we reverse on the basis of this claim, we need not address the additional claims that the plaintiffs raise in their brief.

board denied the appeal and upheld the officer's notice of violation. The plaintiffs appealed from the board's decision to the trial court. The court agreed with the board that play sets are " 'recreation facilities,' " under §§ 4.3.D.11 and 4.3.B.2.c of the regulations, and, thus, must be "centrally located" and used in common by all owners. The court agreed with the board that the play set was prohibited by the regulations because it did not comply with the restrictions that the regulations placed on recreation facilities. The court dismissed the plaintiffs' appeal. This appeal followed.

"Because the interpretation of the regulations presents a question of law, our review is plenary. . . . Additionally, zoning regulations are local legislative enactments . . . and, therefore, their interpretation is governed by the same principles that apply to the construction of statutes. . . . [O]rdinarily, this court affords deference to the construction of a [regulation] applied by the administrative agency empowered by law to carry out the [regulation's] purposes." (Citations omitted; internal quotation marks omitted.) *Trumbull Falls, LLC* v. *Planning & Zoning Commission*, 97 Conn. App. 17, 21–22, 902 A.2d 706, cert. denied, 280 Conn. 923, 908 A.2d 545 (2006).

The plaintiffs claim that the court erred in affirming the board's conclusion that the play set was prohibited under the regulations. The board properly suggests in its brief that the issues in this appeal were resolved in *Mountain Brook Assn., Inc.* v. *Zoning Board of Appeals*, 133 Conn. App. 359, 37 A.3d 748 (2012). The board states that it cannot assert, consistent with *Mountain Brook Assn., Inc.*, that, on the evidence presented, the play set is prohibited under the regulations. We agree with the parties that the court erred in affirming the board's conclusion, on the evidence presented, that

the play set was prohibited by the regulations. In *Mountain Brook Assn., Inc.*, we construed the same regulations as applied to play sets, and, on the facts of that case, determined that the play sets were not prohibited by those regulations. Id., 369–72. The evidence in the present case is not significantly different from the evidence presented in that case. *Mountain Brook Assn., Inc.*, had not been published at the time of the trial court's decision in this case. Because *Mountain Brook Assn., Inc.*, is dispositive and requires the conclusion that, under the circumstances of this case, the play sets were not proscribed, we conclude that the court erred in affirming the board's conclusion that the play set was prohibited by the regulations.

The judgment of the trial court is reversed and the case is remanded with direction to sustain the plaintiffs' appeal.